UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **DAVID MITCHELL** | ) | |
| Plaintiff, | ) | 23 CV 332 |
| | ) | |
| vs. | ) | Judge |
| | ) | |
| **County of Douglas,** | ) | |
| **a Nebraska Political Subdivision;** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| | ) | |
| **DOUGLAS COUNTY ATTORNEY'S OFFICE;** | ) | |
| | ) | |
| **DONALD W. KLEINE**, | ) | |
| in his individual and official capacity as | ) | |
| **DOUGLAS COUNTY ATTORNEY;** | ) | |
| | ) | |
| **DEPUTY DOUGLAS COUNTY ATTORNEYS:** | ) | |
| Individually and collectively in their official capacity: | ) | |
| PATRICK C. McGEE, | ) | |
| GARY OLSON, | ) | |
| KATI KILCOIN, | ) | |
| DARA DELEHANT, | ) | |
| Unknown DDCA, | ) | |
| | ) | |
| **UNKNOWN MEMEBERS of** | ) | |
| **DOUGLAS COUNTY SHERIFF'S OFFICE;** | ) | |
| Individually and collectively in their official | ) | |
| capacity | ) | |
| | ) | |
| **The CITY OF OMAHA,** | ) | |
| a Municipal Corporation; | ) | |
| | ) | |
| Specifically, City of Omaha Police Officer(s): | ) | |
| | ) | |
| **ROBERT WILEY**, | ) | |
| In his individual and official capacity | ) | |
| as a detective of the Omaha Police Department; | ) | |
| | ) | |
| **JONATHAN A. ROBBISH**, | ) | |
| In his individual and official capacity | ) | |
| as a Sergeant in the | ) | |
| Omaha Police Department Burglary Division; | ) | |
| | ) | |
| **TRISHA DUNWOODY** | ) | |

In her individual and official capacity with the )
Omaha Police Department Burglary Divison ; )
)
**SHAWN PEARSON**, )
In his individual and official capacity as a Detective )
with the Omaha Police Department; )
)
**CHRISTOPHER LeGROW**, )
In his official and individual capacity as a Detective )
with the Omaha Police Department; )
)
**ALEXIS BOULTS**, )
Individually and in her official capacity as a CVSA )
with the Omaha Police Department )
)
**DION SMITH**, )
Individually and In his official capacity with the )
Omaha Police Department )
)
**THAD TROSPER**, )
Individually and In his official capacity with the )
Omaha Police Department )          **Defendants**.
)

## COMPLAINT

NOW COMES the plaintiff, David Mitchell, by his attorneys, Michael Cannon, Law

Offices of Michael Cannon, and Matthew S. McKeever, of Burnett Wilson Law, and for their

claims and causes of action against and Douglas County, Nebraska, as a county[1], and as a

political subdivision of the state of Nebraska; the city of Omaha, Nebraska, as a city[2], and as a

political subdivision of the state of Nebraska.

Claims against individuals in their official capacity, such as Douglas County Attorney,

Don Kleine, in his official capacity as Douglas County Attorney, and Patrick McGee in his

official capacity as Deputy Douglas County Attorney are actually claims against Douglas County

---

[1] According to statute, each county in Nebraska may sue and be sued in its own name. See *Neb. Rev. Stat. § 23–101* (Westlaw 2015).
[2] Omaha classifies as a city of the metropolitan class and pursuant to Neb. Rev. Stat. § 14-101 may sue and be sued. See *Neb. Rev. Stat. § 14-101* (Westlaw 2015).

itself. *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) ("A suit against a public official[3] in his official capacity is actually a suit against the entity for which the official is an agent."). The same rationale may be applied to law enforcement officials in their official capacity being actually a suit against the entity for which the official is an agent. *Id.*

The U.S. Supreme Court has invalidated heightened pleading requirements in section 1983 suits against municipalities. See *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993). *Fed. R. Civ. P. 8(a)(2)* requires merely 'a short and plain statement of the claim showing that the pleader is entitled to relief,'. *Fed. R. Civ. P. 8*(f), states 'pleadings shall be so construed as to do substantial justice.' The identification of the individual parties in their official capacities must be included in a plain statement of the claim showing that the pleader is entitled to relief.

All other parties, such as individually listed Deputy County Attorneys of Douglas County (hereinafter DCAs) will be listed and attributed by criminal charge maliciously prosecuted and other violations of Constitutional rights attributable to them. Law enforcement officers (hereinafter LEOs) will be listed and attributed per criminal charge against the plaintiff and the violation of Constitutionally protected civil rights accompanying their actions in furtherance of them.

The overall gravamen of this complaint is there has been an ongoing civil conspiracy by Douglas County, specifically through Douglas County Attorney Donald Kleine, against the plaintiff David Mitchell, since August 1, 2019. This ongoing civil conspiracy has been the

---

[3] Pursuant to 18 USC § 201(a)(1) the term "public official" means Member of Congress, Delegate, or Resident Commissioner, either before or after such official has qualified, or *an officer or employee or person acting for or on behalf of* the United States, or *any department, agency or branch of Government thereof,* including the District of Columbia, *in any official function, under or by authority of any such department, agency, or branch of Government*, or a juror (emphasis added). Therefore, for the purposes of this complaint, I will consider all employees of the Douglas County Attorneys Office, Douglas County Sheriff Office, and City of Omaha Police Department to be: an officer or employee or person acting for or on behalf of any department, agency, or branch of Government thereof (political subdivisions, departments, and agencies of the state of Nebraska)

carried out at the direction of Defendant Kleine, by individually named defendant DCAs and LEOs who at all times relevant to this case were operating under color of state law, whom conspired together and with others, and reached a mutual understanding to undertake a course of conduct that violated the Plaintiff's civil rights. The ongoing civil conspiracy makes both defendant municipalities (Douglas County and the city of Omaha) and their agents liable under a number of theories of municipal liability.

The Due Process Clause of the Fourteenth Amendment prohibits the States, from depriving any person of property without 'due process of law.'. [4] A municipality may be liable under § 1983 where 'action pursuant to official municipal policy[5], custom or useage[6], final policymaker act[7], or ratification[8] of some nature caused a constitutional tort.'[9].

This ongoing civil conspiracy has resulted in the filing of three separate criminal cases against plaintiff David Mitchell under case numbers and for the offenses of: **CR 19-3881** (Burglary), **CR 20-3674** (Sexual Assault), and now **CR 23-4201** (Domestic Violence). Case **CR 19-3881** **(Burglary)** was filed on August 1, 2019, and was ended in manner indicative of the plaintiff's innocence (a dismissal of all charges) on August 12, 2022. Case **CR 20-3674** (Sexual Assualt) was filed on September 15th, 2020, and was ended in a manner indicative of the plaintiff's innocence (a not

---

[4] *Barnes v. City of Omaha*, 574 F.3d 1003, 1005 n.2 (8th Cir. 2009) citing *Dusenbery v. United States*, 534 U.S. 161, 167 (2002) and *Junior Chamber of Commerce of Kansas City, Mo. v. Mo. State Junior Chamber of Commerce*, 508 F.2d 1031, 1033 (8th Cir. 1975).
[5] Plaintiffs establish § 1983 municipal liability if they prove that their constitutional rights were violated by "an 'action pursuant to official municipal policy' or misconduct so pervasive among non-policymaking employees of the municipality 'as to constitute a custom or usage with the force of law.'" *Ware v. Jackson County*, 150 F.3d 873, 880 (8th Cir. 1998)
[6] "[A]bsent a constitutional violation by a city employee, there can be no § 1983 or *Monell* liability for the City." *Whitney v. City of St. Louis*, 887 F.3d 857, 861 (8th Cir. 2018).
[7] A municipality will only be liable under § 1983, where a city official "responsible for establishing final policy with respect to the subject matter in question" makes a deliberate choice among competing alternatives that results in the violation of constitutional rights. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483-84, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986). *Granda v. City of St. Louis*, 472 F.3d 565, 568 (8th Cir. 2007)
[8] In *City of St. Louis v. Praprotnik*, the United States Supreme Court accepted this theory: when a final policy maker "approve[d] a subordinate's decision and the basis for it, their ratification would be chargeable to the municipality." 485 U.S. 112, 127 (1988).
[9] *Hollingsworth v. City of St. Ann*, No. 14-1583, __ F.3d __, 2015 WL 5155354, at *5 (8th Cir. Sept. 3, 2015) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)).

guilty verdict in 90 minutes) on October 21, 2021.

Case **CR 23-4201** (Domestic Violence) was commenced with the arrest of the plaintiff on March 29, 2023. On information and belief, the alleged events giving rise to this criminal charge arose on November 11, 2022. Plaintiff  David Mitchell sought and received an order of protection in regards to the events of November 12, 2022. Furthermore, on information and belief, at that time the DCAO was tendered certain evidence which included detailed reports, statements, and videos which clearly demonstrated the need for the order of protection for plaintiff and his children. This order of protection on behalf of David Mitchell was entered. On information and belief, when the purported victim approached the same court seeking an order of protection arising out of the same nexus of events such an order of protection was denied as unfounded. Ultimately it is the expectation of the plaintiff and counsel for the plaintiff case **CR 23-4201** (Domestic Violence) should be ended in a manner indicative of the plaintiff's innocence due to evidence which both exonerates the plaintiff, directly contradicts the version of events told by the purported victim, and has been in the custody, control, and possession of defendant Douglas County since the day after the alleged criminal incident took place. This case is still pending but constitutes the continuing harm this defendant continues to suffer due to this civil conspiracy. These criminal charges are the result of the civil conspiracy by the defendant Kleine to violate the civil rights of the plaintiff.

Defendant Kleine (through Defendant Douglas County) is a policymaker and elected public law enforcement official for both Douglas County and the city of Omaha. On information and belief, Kleine conspired with the listed DCAs, and LEOs in order to abridge the civil rights of the plaintiff David Mitchell in violation of 42 U.S.C. §1983. This conspiracy was calculated to impair David Mitchell's fundamental and constitutionally protected rights to free speech, assembly, association with his peers, and participation in the democratic process.This is demonstrated by the truly exceptional facts and circumstances of each case as set forth below:

Defendant Kleine, conspired with the individually listed DCA's, individually listed known and unknown LEO's to subject David Mitchell to a pattern and practice of Constitutional violations arising under the First, Fourth, and Fourteenth Amendments (as well as state law violations under civil conspiracy. false arrest, and malicious prosecution).

For the reasons that follow, the actions on the part of the defendants give rise to the following causes of action by the plaintiff:

COUNT I. First Amendment, "Citizen Plaintiff" theory,

COUNT II. Fourth Amendment, Unreasonable Seizure (Judicial Deception),

COUNT III. Fourth Amendment, Unreasonable Seizure of Person, (Probable Cause Arrest),

COUNT IV. Fourteenth Amendment, Due Process, (Deliberate Fabrication of Evidence)

COUNT V. Fourteenth Amendment, Due Process, (Deliberate or Reckless Suppression of Evidence)

As well as state law claims arising under the following causes of action:

COUNT VI.   CIVIL CONSPIRACY,

COUNT VII.  MALACIOUS PROSECUTION,

COUNT VIII. FALSE ARREST.

All these individually listed defendants, were at all times acting under color of state law, subjected the plaintiff or caused the plaintiff to be subjected to the deprivation or a right secured by the Constitution or laws of the United States.  The underlying basis for these claims, as well as the legal and factual authorities supporting them, is as follows:

## JURISDICTION AND VENUE

1. Plaintiff brings this claim pursuant to 42 U.S.C. § 1983, the Fourteenth Amendment to the United States Constitution, and the First and Fourth Amendments, as incorporated against the

States and their municipal divisions through the Fourteenth Amendment.

2. The jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. Sections 1331 and 1343

(a)(3).

3. Venue in this District is predicated upon Title 28 U.S.C. Section 1391(b)(2) as all events

giving rise to the claims asserted herein took place within this District of Nebraska.

4. This Court's supplemental and ancillary jurisdiction over plaintiff's included Nebraska state

law claims under Title 28 U.S.C. Section 1367.

5. Plaintiff demands a trial by jury, pursuant to Fed. R. Civ. P. 38(b).

## STATUTE OF LIMITATIONS

6. Pursuant to Nebraska Revised Statute § 25-207 the statute of limitations for actions arising

under 42 U.S.C. § 1983 is 4 years. See *Bauers v. City of Lincoln*, 245 Neb. 632 (1994). The

initial Constitutional violation in this case arose on August 1, 2019, when the plaintiff, David

Mitchell was arrested without probable cause under case # **CR 19-3881** (Burglary). This case was

ultimately terminated (on August 12, 2022, three days short of the start of a jury trial) in a manner

indicative of the plaintiff's innocence by a dismissal of all charges. This dismissal of all charges was

filed (on August 12, 2022) in the name of Deputy County Attorney (Gary Olson) who had left the office

of the Douglas County Attorney on April 29, 2022.

## PARTIES

### CASE CR 19-3881 BURGLARY (August 1, 2019 – August 12, 2022)

**Defendant Douglas County; Defendant Donald Kleine, in his individual and official capacity; Defendant Gary Olson, in his individual and official capacity; Defendant Patrick McGee, in his individual and official capacity; Defendant the City of Omaha, Defendant Robert Wiley in his individual and official capacity, Defendant Jonathan A. Robbish in his individual and official capacity, Defendant Trisha Dunwoody in her individual and official capacity**

7. Defendant Douglas County, Nebraska (hereinafter, "Douglas County") is a county, and a

political subdivision of the State of Nebraska duly organized under the Constitution of Nebraska.

According to statute, each county in Nebraska may sue and be sued in its own name.  See *Neb. Rev. Stat. § 23–101* (Westlaw 2015).

8.  Defendant Douglas County Attorney, Donald W. Kleine, (hereinafter "Kleine") is the head of the Douglas County Attorney's Office (hereinafter "DCAO").  The DCAO is an instrumentality of Douglas County, Nebraska, organized and controlled pursuant to the statutes of the state of Nebraska.  As part of Kleine's responsibilities as head of the DCAO defendant Kleine is the final policymaker responsible for: felony criminal prosecution(s) (such as this case) and misdemeanor domestic violence prosecutions.  Additionally, pursuant to the rationale of *Parsons v. McCann,* 8:14CV207, city police departments and county offices are agencies, departments, or subdivisions of city government and therefore not separately subject to suit.

9.  Instead "A suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent.".  *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006).  The same rationale may be applied to law enforcement officials in their official capacity being actually a suit against the entity for which the official is an agent.[10]

9.  Defendant the City of Omaha, Nebraska (hereinafter, "Omaha") classifies as a city of the metropolitan class and pursuant to Nebraska Rev. Stat. may sue and be sued.  See *Neb.  Rev. Stat. § 14-101* (Westlaw 2015).   As a metropolitan class city, it is a political subdivision of the State of Nebraska duly organized under the Constitution of Nebraska.

10.  Defendant Gary Olson (hereinafter "Defendant Olson"), is a Deputy Douglas County

---

[10] In anticipation of an argument on behalf of individually named defendants listed in their official capacity the following passage from *Chalepah v. City of Nebraska*, 8:18-CV-381 would like to be relied upon as a controlling authority.  "It is true that official capacity suits are "to be treated as a suit  against the [governmental] entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). The Court noted that "[t]here is no longer a need to bring official-capacity actions against local governmental officials, for . . . local government units can be sued directly for damages." *Graham*, 473 U.S. at 167 n.14. However, the individual defendants have not cited this Court to any authority holding that a plaintiff is barred from suing individual defendants in their official capacity when the governmental unit is also sued. *Graham* merely held that suits naming both a City and individual defendants in their official capacity were redundant, but that redundancy does not compel dismissal of the plaintiff's official capacity claims." " *Chalepah v. City of Neb.*, 8:18-CV-381, 5 (D. Neb. Feb. 21, 2019).

Attorney (hereinafter "DDCA") and conspirator to violate the civil rights of the plaintiff David

Mitchell. As detailed later in this complaint, during the pendency of this criminal case (which

ran from August 1, 2019- August 12, 2022), Defendant Olson was contacted by criminal defense

attorney Spencer Werth who pointed out that there a failure as to an essential element of the

offense charged, "burglary". This was because there was no evidence anywhere in any report,

document, interview, video, recording, or even an uncorroborated allegation of David Mitchell

physically entering any property. Notwithstanding this failure of probable cause, which was

directly brought to the attention of Defendant Olson, the doomed prosecution persisted. This

case was relegated to a nonelected matter upon the filing of case **CR 20-3674** (Sexual Assault) on

September 15, 2020. **CR 20-3674** was ended in a manner indicative of the plaintiff's innocence on

October 21, 2021. The malicious prosecution on the part of Defendant Olson, continued ultimately

left the DCAO on April 29, 2022, to assume the position of County Attorney for York County.

The civil conspiracy to violate the rights of the David Mitchell continues to this day, as there has

been no overt withdrawal from the conspiracy, and inactivity on the part of a coconspirator is not

enough. *United States v. Gaye*, 902 F. 3d 780, 795 (8th Cir. 2018). "A suit against a public

official in his official capacity is actually a suit against the entity for which the official is an

agent.". *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006).

11.    Defendant Patrick C. McGee (hereinafter "McGee"), is a DDCA and conspirator to violate

the civil rights of the plaintiff David Mitchell. McGee took over the prosecution of case CR 19-

3881 as of April 29th, 2022. At all times relevant to this proceeding, McGee had access to all

evidence, reports, communications, videos, and allegations made against David Mitchell. It is

reasonable to infer that he either knew or should have known of the communications between

Spencer Werth and Gary Olson regarding the failure of an essential element of the prosecution,

"physical entry".

a.  Nonetheless, an additional action on the part of McGee demonstrating his willful, wanton, apathy, and actual malice towards David Mitchell is evidenced when executing the order to dismiss all charges of his malicious prosecution (on August 12, 2022) McGee did so in the name of a DDCA that had not been a part of that office in 7 months.  On information and belief, the order dismissing all charges was done without the knowledge, permission, or consent or Defendant Olson.

b.  Additionally, as all charges against the plaintiff David Mitchell was entitled to the return of all property seized (5-10 pieces of evidence) during the execution of a search warrant on one of his business locations.  This property which was never returned.  This constitutes an unconstitutional seizure and takings.  It is additionally, an example of an act in furtherance of the civil conspiracy orchestrated by Defendant Kleine and others to violate the rights of plaintiff.

12. Defendant Robert Wiley (hereinafter "Wiley"), is a LEO and is liable in his official capacity as a detective of the Omaha Police Department due to his fabrication of evidence, unreasonable seizure (judicial deception), unreasonable seizure unsupported by probable cause, deliberate fabrication of evidence, and deliberate or reckless suppression of evidence (there was no physical entry on the part of David Mitchell) nor any allegation to that effect.

13. However, Detective Robert Wiley testified at the bond hearing to the existence of video showing David Mitchell physically entering the location that was burgled.  This is an outright fabrication of evidence intended to mislead the judiciary, constitutes wholesale fabrication of evidence, ignores the absence of evidence underlying the pending charge, and collectively denies David Mitchell's rights to be free from unreasonable search and seizure under the Fourth Amendment as applied to the states through the Fourteenth Amendment.

14. These acts, done under color of state law, individually and collective, serve as an overt step

in furtherance of Defendant Kleine's conspiracy to violate the civil rights of the plaintiff David Mitchell.

a. Defendant Wiley did not have probable cause to arrest David Mitchell. At all times relevant to this proceeding, Wiley either knew or should have known he had no probable cause to arrest for the offense of burglary.

b. Defendant Wiley planned, authorized, directed, ratified, personally participated, and / or failed to prevent the conduct described herein.

15. Defendant Jonathan A. Robbish (hereinafter "Robbish"), is a LEO and is liable in his official capacity as a Sergeant in the Omaha Police Department Burglary Division as a coconspirator of Kleine's civil conspiracy. On information and belief, from the period August 23, 2022, through present Sgt. Robbish was contacted by counsel for the plaintiff regarding the return of property under case # CR 19-3381. This property was seized, maintained, and retained under color of state law following dismissal of all criminal charges. This constitutes a seizure / taking of personal property unsupported by probable cause following dismissal of all charges. The only reason given for the failure to return the property was the lack of signature on a D200 by Sgt. Robbish. These acts, done under color of state law, individually and collective, serve as an overt step in furtherance of Defendant Kleine's conspiracy to violate the civil rights of the plaintiff David Mitchell.

16. Defendant Trisha Dunwoody (hereinafter "Dunwoody"), is a LEO and is liable in her official capacity with the Omaha Police Department Burglary Division as a coconspirator of Kleine's civil conspiracy. On information and belief, from the period August 23, 2022, through present Dunwoody was contacted by counsel for the plaintiff regarding the return of property under case # CR 19-3381. This property was seized, maintained, and retained under color of

state law following dismissal of all criminal charges.  This constitutes a seizure / taking of personal property unsupported by probable cause following dismissal of all charges.  The only reason given for the failure to return the property was the lack of signature on a D200 by Sgt. Robbish.  Counsel for David Mitchell requests for direct extension and email to Sgt. Robbish to secure the signature on the D200 were met with silence.  These acts, done under color of state law, individually and collective, serve as an overt step in furtherance of Defendant Kleine's conspiracy to violate the civil rights of the plaintiff David Mitchell.

## CASE CR 20-3674 SEXUAL ASSAULT (September 15, 2020 – October 21, 2021)

**Defendant Douglas County, Defendant Donald Kleine, in his individual and official capacity; Defendant Kati Kilcoin, in her individual and official capacity; Defendant Dara Delehant, in her individual and official capacity; Unknown Members of the Douglas County Sheriff's Department; Defendant the City of Omaha; Defendant Shawn Pearson, in his individual and official capacity; Defendant Christopher LeGrow, in his individual and official capacity; Defendant Alexis Boults, in her individual and official capacity; Defendant Dion Smith, in his individual and official capacity; and Defendant Thad Trosper, in his individual and official capacity.**

17.  Plaintiff incorporates by reference the allegations in the foregoing paragraphs of this Complaint as if fully set forth herein.

18.  Defendant Douglas County, Nebraska (hereinafter, "Douglas County") is a county, and a political subdivision of the State of Nebraska duly organized under the Constitution of Nebraska. According to statute, each county in Nebraska may sue and be sued in its own name.  See *Neb. Rev. Stat. § 23–101* (Westlaw 2015).

19.  Defendant the City of Omaha, Nebraska (hereinafter, "Omaha") classifies as a city of the metropolitan class and pursuant to Nebraska Rev. Stat. may sue and be sued.  See *Neb. Rev. Stat. § 14-101* (Westlaw 2015).   As a metropolitan class city, it is a political subdivision of the State of Nebraska duly organized under the Constitution of Nebraska.

20.  Defendant Douglas County Attorney, Donald W. Kleine, (hereinafter "Kleine") is the head

of the Douglas County Attorney's Office (hereinafter "DCAO"). The DCAO is an instrumentality of Douglas County, Nebraska, organized and controlled pursuant to the statutes of the state of Nebraska. As part of Kleine's responsibilities as head of the DCAO defendant Kleine is the final policymaker responsible for: felony criminal prosecution(s) (such as this case) and misdemeanor domestic violence prosecutions. "A suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent.". *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006).

    a. This particular prosecution arose following an allegation of consensual sexual congress brought to the attention of law enforcement on June 16th, 2020. An adult woman, who was under guardianship (who we will call T.C.) had her guardian call the police because the guardian thought that T.C. was being taken advantage of as a vulnerable person.

    b. On further investigation, the initially responding officers (Defendants Detective Christopher LeGrow, CVSA Alexis Boults, Officer Dion Smith, and Sgt. Thad Trosper) ((the specific finds are detailed later on in this complaint)) did not initially find evidence of criminality.

    c. The timing and subsequent actions of all these defendants help clearly demonstrate both the existence and ongoing nature of the civil conspiracy and other constitutional violations and state law claims against plaintiff David Mitchell.

    d. These unfounded criminal allegation arose mere weeks after the killing of James Scurlock, a 22 year old black male protester, who was fatally shot by a 38 year old bar owner, Jacob "Jake" Gardner. This shooting took place on June 1st, 2020,

during the George Floyd protests in Omaha, Nebraska, in the Old Market area of the city.  Scurlock has been among the thousands of protesters who flooded the city's downtown area.

e.  David Mitchell was one of these protesters who exercised his constitutionally protected civil rights to assemble, speak, and associate with his fellow citizens throughout this period.

f.  Ultimately, the protesters left the streets of the Old Market area of the city (where James Scurlock had been killed in early June) and following the declining to charge Jacob "Jake" Gardner on June 30, 2020, the protests both renewed and moved specifically to the area outside the house of Douglas County Attorney Don Kleine.  These incidents were sufficiently noteworthy that they were individually and collectively reported on.  Specific protests outside the home of Defendant Kleine were reported on June 30, 2020.[11]  Additional specific protests were reported on having occurred on July 4th, 2020. [12]

g.  Generally, as documented by published reports at the time, "Protests outside of County Attorney Don Kleine's neighborhood are moving into their third week." [13] The daily protests began June 4th, shortly after Kleine announced the release of Jake Gardner, the known shooter in the killing of young Black protestor, James Scurlock. Kleine released Gardner without pressing charges; saying the killing

---

[11] ( available at https://omaha.com/news/local/govt-and-politics/prominent-democrats-back-douglas-county-attorney-don-kleine-criticize-state-party/article_a2432813-02ef-53f6-a293-541b25263257.html) last visited on July 31, 2023.

[12] (available at https://www.3newsnow.com/news/local-news/protestors-gather-outside-don-kleines-neighborhood-saturday)  Last visited on July 31, 2023.

[13] (available at https://www.noiseomaha.com/news-now/2020/6/26/organizers-occupy-west-omaha-street-corner-urge-county-attorney-to-resign) Last visited on July 31, 2023.

was in self-defense calling it, "senseless but justified ". [14]

h. These protests at the house of Defendant Kleine were attended to David Mitchell on multiple occasions. This fact is supported by numerous witnesses and evidence within the possession of the plaintiff.

i. On information and belief, and as supported video in the possession of plaintiff on June 29, 2020, 5:37 p.m., Defendant Kleine addressed plaintiff David Mitchell outside of his house and referred to their being "a problem with the case against him."

j. This demonstrates that Defendant Kleine:

    i. Individually knew this plaintiff,

    ii. Was aware of the pending criminal matters of this plaintiff,

    iii. At the time, this plaintiff was facing only one charged case at that time case CR 19-3881, Burglary, date of arrest August 1, 2019, and date of disposition August 12, 2022.

    iv. This may not be the case that Defendant Kleine was referring to for the following reasons:

        1. As the case was merely 10 months old, Defendants Kleine, Olson, or McGee could have elected to reindict David Mitchell on a charge such as conspiracy to commit burglary which would have cured their fatal flaw "the no physical entry" in their existing criminal charge.

        2. On information and belief, the DCAO's office had already been contacted by Spenser Werth as to the fatal flaw in their current

---

[14] Id.

prosecution.

3. Defendant Kleine, and his subordinates defendants Olson and McGee conspired by this time to maintain a prosecution unsupported by anything but outright fabrication of evidence by City of Omaha Police Department Detective Robert Wiley until August 12, 2022.

v. Or in a light most favorable to the plaintiff, was aware of the issues arising from the lack of probable cause under case CR 19-3881 BURGLARY (August 1, 2019 – August 12, 2022) and the lack of probable cause, corroboration, or evidence supporting any aspects of the purported statutory sexual assault of T.C. arising under case CR 20-3674 SEXUAL ASSAULT (date of arrest September 15, 2020 – date of jury verdict October 21, 2021).

i. Notwithstanding, the initial law enforcement officers not finding evidence of criminality in their initial investigation by the end of June the investigation under CR 20-3674 was continued by Defendant Shawn Pearson of the Omaha City Police Department.  (These details of the solicitation of fabricated evidence by Defendant Pearson will be detailed in depth in the General Allegations section).

j. David Mitchell was arrested on September 15th, 2020, while attending a Omaha City Council meeting where he was running as a candidate for the position of city council.

k. On information and belief, this arrest was intentionally staged and

orchestrated by the listed civil conspirators, municipalities, and political subdivisions to strip the petitioner of his constitutionally protected civil rights and thwart any attempt to effectuate change in the city of Omaha.

l. "In an exclusive video provided to 6 News by News Channel Nebraska, Omaha City Council candidate David Mitchell is taken into custody following the announcement of a grand jury decision Tuesday, Sept. 15, 2020, in city chambers." (Available at https://www.wowt.com/video/2020/09/17/exclusive-video-david-mitchell-arrest/ , last visited July 29, 2023).

m. The circumstances of the arrest (the time, place, scene, platform) and the fact the video was then *distributed* to media outlets demonstrate a concerted effort at abridgement of constitutional rights and to effect a chilling on the free speech and participation in the political process of the party arrested.

n. The fabrication of the underlying facts supporting the arrest warrant against David Mitchell are why this is a constitutional violation allowing for redress under 42 U.S.C. 1983.

o. On information and belief, Defendant Kleine pursued a civil conspiracy in concert with DCA's Kati Kilcoin and Dara Delehant by maliciously prosecuting David Mitchell for statutory rape. This was because any such charge on that basis was unsupported by probable cause and was never even reported by either of the two mandatory reporters (Joe South and Jace Schraeder) who would have become aware of it.

p. On information and belief, Defendant Kleine pursued a civil conspiracy in

concert with LEOs Shawn Pearson, Christopher LeGrow, Alexis Boults, Dion Smith, and Thad Trosper by soliciting the fabrication of evidence in order to violate the civil rights of David Mitchell. This was evidenced by the change in focus of the investigation from investigation a current or ongoing set of events to solicitation of if anything like this had ever happened in the past.

q. After Detective Shawn Pearson becomes involved there is direct evidence that he was eliciting the manufacturing of such evidence as demonstrated by his follow up phone call to Jace Schraeder on June 27, 2020, in the early morning. This was after ending the phone call the night before by saying, "If anything else occurs to you let me know."

r. On information and belief, Defendant Kleine conspired with the Unknown members of the Douglas County Sheriff's Department that arrested David Mitchell on September 15, 2020, at the city council meeting. This was done in an effort to violate plaintiffs civil rights under the Constitution of the United States arising under the First, Fourth, and Fourteenth Amendments. At all times relevant to this action both defendant Kleine and defendant Unknown members of the Douglas County Sheriff's Department were operating under color of state law.

### CASE CR 23-4201 (Domestic Violence) (March 29, 2023 – Present)

**Defendant Douglas County; Defendant Donald Kleine, in his individual and official capacity; Defendant Unknown Douglas County Attorney(s), in their individual and official capacities; Defendant Unknown Douglas County Sheriff(s), in their individual and official capacities.**

21. Plaintiff incorporates by reference the allegations in the foregoing paragraphs of this Complaint as if fully set forth herein.

22. Defendant Kleine again used his office and sought further his civil conspiracy to violate the civil rights of David Mitchell through the arrest of plaintiff under case # CR 23-4201.

23.  This basis of this arrest is more fully set out under the section of General Allegations laid out below.

24.  On information and belief, on November 11, 2022, the estranged wife of David Mitchell (hereinafter "J.M.") returned to the marital home in response to an illness of one of the children.

25.  On information and belief, at that time "J.M." demonstrated behavior which clearly showed impairment or intoxication.

26.  On information and belief, and as reflected in videos made at that time "J.M." proceeded to perform a number of actions which would cause great concern to any reasonable person concerned with her welfare.  These actions include, but are not limited to: self-harm (drinking toxic chemicals, wrapping things around her throat, slamming into things), threats of violence (against herself, her husband, not being safe around their children), threats to have her husband killed, and revelations of both past and ongoing infidelities.

27.  On information and belief, Plaintiff Mitchell video recorded, documented, and produced photographs of significant portions of these encounters which took place from approximately 10:00 p.m. on the night of November 11, 2022, through approximately 7:58 a.m. on November 12, 2022.

28.  On information and belief, Plaintiff Mitchell then sought an order of protection through the Douglas County Attorney's Office against his estranged wife on behalf of both himself and his children under case # Cl-22-8745 .  In support of this order of protection, plaintiff Mitchell submitted to the DCAO an affidavit, the videos from the night before, a photo of her leaving at approximately 7:58 a.m. on the morning of November 12, 2022.  This order of protection was

granted under case # Cl-22-8745.

29.  On information and belief, weeks later "J.M." attempted to challenge the underlying order of protection and file her own order of protection against David Mitchell under case # Cl-22-8745. On information and belief, the order of protection on behalf of "J.M." was denied as not meeting the evidentiary standard sufficient to support such an order.

30.  On information and belief, the same allegations underlying "J.M."'s order of protection (which had been denied) arising from the events of November 11, 2022 through November 12, 2022, were then raised, referred, or directed to the city of Omaha police department by Defendant Kleine.  This was done in furtherance on his ongoing civil conspiracy against David Mitchell.

31.  On information and belief, this was by Defendant Kleine in concert with unknown Deputy Douglas County Attorney(s) (hereinafter "unknown DDCA(s)") after a meeting of the minds and as a step in furtherance of the underlying civil conspiracy by Kleine to violate the civil rights of David Mitchell.

32. The Douglas County Attorney's Office, under the direct control and supervision of Defendant Kleine, had in their property, possession, and control evidence which directly contradicted the underlying basis for both the order of protection sought by "J.M." and the ultimate charge of Domestic Violence set out in case # CR 23-4201.

33.  Additionally, Defendant Kleine specifically lists as one of the responsibilities of his office, "The County Attorney's Office is responsible for (both apply in this case): Felony criminal prosecution, Misdemeanor domestic violence prosecution." (available at https://countyattorney.douglascounty-ne.gov/) ((last visited August 1, 2023)).

34.  On March 29, 2023, unknown members of the Douglas County Sheriff's Office arrested

David Mitchell under case # Cr 23-4201 for the charge of domestic violence arising from the events of November 11, 2022.  The arrest was unsupported by probable cause and was directly contradicted by reliable, sworn, and attested to evidence in the possession of defendants Kleine, unknown DDCA(s), and unknown members of the Douglas County Sheriff's Office.

35.  Defendant Douglas County, Nebraska (hereinafter, "Douglas County") is a county, and a political subdivision of the State of Nebraska duly organized under the Constitution of Nebraska. See Neb. Rev. Stat. § 23–101 (Westlaw 2015).  At all times relevant to this action Douglas County was acting under color of state law.

36.  Defendant the City of Omaha, Nebraska (hereinafter, "Omaha") classifies as a city of the metropolitan class. As a metropolitan class city, it is a political subdivision of the State of Nebraska duly organized under the Constitution of Nebraska.  See Neb.  Rev. Stat. § 14-101 (Westlaw 2015).  At all times relevant to this actions Omaha was acting under color of state law.

37.  All of these individually known defendants are named in their individual and official capacities.

38.  All of these unknown defendants are named in their individual and official capacities.

39.  All of these actions of individually named (known and unknown) defendants were undertaken under color of state law.

40.  Plaintiff David Mitchell is for his continued deprivation of civil rights brought about by the unwarranted prosecutions under case numbers: CR 19-3881 (Burglary), CR 20-3674 (Sexual Assault), and now CR 23-4201 (Domestic Violence), and entitled to relief under 42 U.S.C. § 1983 for the ongoing violation of his civil rights supported by the following General Allegations:

## **GENERAL ALLEGATIONS**

### **CR 19-3881 (Burglary)**

**41.** There is no report, note, document, video, testimony, nor evidence of any kind

supporting that David Mitchell committed any type of physical entry to the situs of the alleged crime on the day the crime was alleged committed. which is an essential element to the charge of burglary.

42. On information and belief, this fact or omission was addressed in a letter by defense counsel Spencer Werth 18 months prior to trial to Deputy Douglas County Attorney Gary Olson.

43. In order to facilitate the civil conspiracy against David Mitchell and in concert with other named defendants, Officer's Robert Wiley lied before the grand jury testimony in order to secure an arrest warrant for plaintiff David Mitchell.

44. In order to facilitate the civil conspiracy against David Mitchell, and in concert with other named defendants, Officer Robert Wiley lied before the grand jury in order to secure a search warrant for one of the businesses of the defendant.

45. On information and belief, that search warrant yielded approximately 10 items out of an inventory of more than 25,000 all of which had been resold to the store by a terminated employee of the plaintiff who walked into the competing business and confessed to breaking into and robbing the location.

46. On information and belief, this terminated employee never alleged, asserted, claimed, reported, or was videoed saying that David Mitchell ever had any physical presence at the situs of the alleged burglary.

47. Additionally, Don Kleine told David Mitchell that "There were significant issues in the case and he didn't know if they were going to proceed." This was videoed by David Mitchell and retained and the prosecution which arose on August 1, 2019 continued until August 12, 2022.

48. Ultimately, Deputy County Attorney Patrick McGee, on loan from the US Attorney's Office of Nebraska, dismissed all charges on the Friday, August 12th, 2022 prior to

trial the upcoming Monday, August 15th, 2022..

49. Deputy County Attorney Patrick McGee  entered the order dismissing all charges in
the name of the original Deputy County Attorney Gary Olson (whom had left the
office in April 29th, 2022) which again shows a pattern, practice, or custom or
avoiding accountability or responsibility for his actions.

**CR 20-3674 (Sexual Assault)**

50.  David Mitchell was arrested on September 15th, 2020, while attending a
Omaha City Council meeting where he was running as a candidate for the
position of city council.

51. On information and belief, this arrest was intentionally staged and
orchestrated by the listed civil conspirators, municipalities, and political
subdivisions to strip the petitioner of his constitutionally protected civil rights
and thwart any attempt to effectuate change in the city of Omaha.

52. "In an exclusive video provided to 6 News by News Channel Nebraska,
Omaha City Council candidate David Mitchell is taken into custody following
the announcement of a grand jury decision Tuesday, Sept. 15, 2020, in city
chambers."  (Available at
https://www.wowt.com/video/2020/09/17/exclusive-video-david-mitchell-
arrest/ , last visited July 29, 2023).

53. The circumstances of the arrest (the time, place, scene, platform) and the fact
the video was then *distributed* to media outlets demonstrate a concerted effort
at abridgement of constitutional rights and to effect a chilling on the free
speech and participation in the political process of the party arrested.

54. The fabrication of the underlying facts supporting the arrest warrant against

David Mitchell are why this is a constitutional violation allowing for redress under 42 U.S.C. 1983.

55. David Mitchell had consensual sexual relations with T.C. during the summer of 2020.

56. T.C., who was living with a guardian, Joseph South, was confronted by her guardian about her relationship with David Mitchell.

57. On information and belief, and as reflected by the tendered police reports, at that time, summer 2020, T.C. expressed that she was in a consensual relationship with David Mitchell.

58. On information and belief, and as reflected by the tendered police reports, Joe South expressed that he believed that as T.C. needed a guardian that David Mitchell was taking advantage of T.C.

59.  On information and belief, the responding LEO of the Omaha Police Department (CVSA Det. Alexis Boults #1944, Reporting Officer Dion Smith #2271, Sgt. Thad Trosper #1559) said that two consenting adults (as of summer 2020) could engage in the act of sexual congress.

60. On information and belief thereafter, Joe South did individually and collectively conspire with the responding LEO of the City of Omaha Police Department (specifically: CVSA Det. Alexis Boults #1944, Reporting Officer Dion Smith #2271, Sgt. Thad Trosper #1559) and other listed defendants to fabricate the story of a tryst that had occurred 6 years earlier on two occasions.  Joe South is not an individual acting under color of state law and is therefore not a defendant in the present lawsuit.

61. On information and belief, and as reflected by his own Omaha Police Department Supplemental Report (report #P2212786) , on June 16th, 2020, City of Omaha Police Detective Christopher LeGrow #1557, questioned both T.C. and a service provider of T.C. (Jace Schrader) and injected maybe T.C. and David Mitchell had sexual

congress several years ago when T.C. was a minor.

62. This is notwithstanding the fact T.C.'s service provider, Jace Schrader, stated in their initial meeting with Detective Christopher LeGrow "the messages from MITCHELL appeared to state the sexual things that he would like to do to Cooper not what they had been doing. These messages have since been deleted."

63. The report goes on to conclude, "It appears that there has not been sexual activity between Cooper and Mitchell at this time. The concern and reason why this report was made by South was regarding sexual activity from several years ago when Cooper was a minor. No other information. End of report." That was the position of the Omaha Police Department on June 17, 2020.

64. It would be fair to point out that the sexual activity of several years ago only sprung into existence after the suspected recent tryst or romance turned out to be a totally lawful act. Then the first and key witness, Joe South was pressured to come up with some other justification for LEO intervention.

65. On information and belief, it was at this time that Defendants Detective LeGrow, CVSA Det. Alexis Boults #1944, Reporting Officer Dion Smith #2271, Sgt. Thad Trosper #1559, individually and collectively suggested that if something had happened to T.C. when she was a minor then maybe there was something LEO could do about it. This would be a fair and consistent reading of the reports generated on this case. Again, the initial individual to contact the police regarding suspected sexual activity between the plaintiff and purported victim, T.C. was only concerned with recent, ongoing sexual activity. Only after being told there was no criminal act between two consenting adults engaging in sexual congress do we hear of this tryst of years ago.

66. Additionally, Joseph South, this guardian, as a mandatory reporter was under a legal

duty to report any suspected form of abuse no matter when it occurs. There is no such thing as over documenting suspected past sexual abuse. Joe South was a mandatory reporter that immediately reported suspected present sexual abuse, but was never inclined to document or share revelations of previous sexual abuse that arose during the period that placed T.C. into the foster system originally.

67. On information and belief, it is reasonable to question why these details of statutory rape would have been unreported, undocumented, uncorroborated, and unverified, and initially unshared with law enforcement until being told two consenting adults could engage in sexual congress.

68. On information and belief, it is reasonable to understand why any LEO would want nothing further to do with the investigation after when Joseph South brings up as his support of the existence of sexual acts arising several years ago not his mandatory reporting of such events, but of the observations of service provider Jace Schraeder,

69. Jace Schrader, stated in their initial meeting with Detective Christopher LeGrow "the messages from MITCHELL appeared to state the sexual things that *he would like to do to Cooper not what they had been doing*. (emphasis added). These messages have since been deleted." This demonstrates an intention at future action on the part of both parties, not a reflection on either present or past actions on the part of the parties.

70. On information and belief, and based upon the reports of Defendants Detective LeGrow, CVSA Det. Alexis Boults #1944, Reporting Officer Dion Smith #2271, Sgt. Thad Trosper #1559, "It appears that there has not been sexual activity between Cooper and Mitchell at this time. The concern and reason why this report was made by South was regarding sexual activity from several years ago when Cooper was a minor. No other information. End of report."

**71.** The nature and tenure of the civil conspiracy ramped up with the introduction of one of our main players in this cause of action, defendant Omaha City Police Detective Shawn Pearson (#2018).

**72.** On September 7, 2020, Omaha City Police Detective Shawn Pearson (#2018), authored a report on his taking over of the investigation.  Specifically, this report detailing an interview which occurred on June 23, 2020, between himself and Jace Schrader.

**73.** The interview of Jace Schrader by Detective Shawn Pearson (#2018) occurred one week (June 23, 2020) after the initial interview and investigation by Detective Legrow (June 17th, 2020).  According to Detective LeGrow's initial interview with Jace Schrader, the only knowledge of intimacy she was aware of between the parties depict future action or desire on the parts of David Mitchell and T.C.

**74.** This is initially consistently reflected in the Omaha Police Department Supplemental Report (page 11 of 23) authored by Detective Shawn Pearson.  The exchanges between the parties were merely reflective of future actions on the part of both T.C. and David Mitchell.  The report goes on to detail Jace Schraeder's was being told of present acts of physical intimacy occurring between the parties arising during the period of June 16, 2020 – June 23, 2020.

**75.** "R/O (Detective Shawn Pearson #2018) informed SCHRADER *if she though of anything else*, to let R/O know." (Omaha Police Department Supplementary Report page 12 of 23).

**76.** "On Wednesday, 24 June 2020 at 0944 hours, R/O (Detective Shawn Pearson) called SCHRADER, who advised that she had thought of something she forgot to tell R/O the previous day, SCHRAEDER advised that about three or four months prior, T.C. mentioned having a sexual relationship with her foster brother.  She advised that T.C.

had mentioned David by name.  She advised that T.C. had stated that T.C. was 15 and David was in his 20s when this sexual relationship had occurred.  She advised that at the time she did not realize that incident had never been reported."  (Jace SCHRAEDER as a mandatory reporter would have a duty to report each and every suspected incident of sexual abuse, regardless of if it had been previously reported.)

77. There was never any outcry about such sexual congress occurring years ago.

78. After Robert Wiley met with the associate of T.C. and was told that no T.C. never discussed any prior sexual congress with David Mitchell, the detective ended the call with, "Ok…. If you think of anything give me a call back."  Detective Robert Wiley then called back the associate of TC the next morning and lo and behold she recalled that once T.C. mentioned a moment of sexual congress that occurred 5 or more years ago when T.C. was living with the mother of David Mitchell.

79. This revelation, from an associate of T.C. that after being asked to reach out if she remembered anything to the police (5:00 p.m. the day before), and was then contacted by the same detective she had spoken to the prior night (at 10:00 a.m. the next morning) constitutes the fiction this case was based upon.

80. In response to this uncorroborated revelation, David Mitchell was arrested at a city council meeting where he was running for the office of city council board member.

81. At a City Council meeting, Mr. Mitchell was approached and arrested by a dozen tactical team members who effectuated this arrest accompanied with local television crews.  It would be the position of the plaintiff that several crews of local television news crews do not randomly accompany local

82. This was intentionally orchestrated to inflict the maximum humiliation, embarrassment, and in an attempt to silence Mr. Mitchell.  This was also done in such a way as to destroy both his political and business careers which he had literally

spent a lifetime developing.

### CR 23-4201 (Domestic Violence)

**83.** David Mitchell saw his wife "J.M." for the first time since she had fled the marital home on October 30, 2022.

**84.** At the time that he saw her it was in response to an illness one of their children had been suffering.

**85.** At the time that he saw her she was incredibly intoxicated.

**86.** At that time, and in an abundance of caution he recorded hours of their conversations because of a fear that she might accuse him of some maleficence later.

**87.** During these video recordings, "J.M." can be heard telling or doing the following things in front of David Mitchell.  Specifically, "J.M.":

**a.** Had sought to have David Mitchell killed by a contract killer for his life insurance,

**b.** Had engaged in oral copulation with a dozen men at a house party since the two weeks prior where she had left the marital home,

**c.** Didn't want to see or be near the kids,

**d.** Had just drank bleach and hoped to die,

**e.** Pulled a wire hanger around her neck attempting to choke herself,

**f.** Repeatedly vomited into a toilet (presumably to excise the bleach),

**g.** Indicated that she was living with another man, and just wanted to move on with her life.

**88.** During these hours of self-abuse and video recording David Mitchell did nothing more than document and relay the experiences going on in front of him to several 3rd parties including family members and legal counsel.

**89.** Ultimately, Jessica Mitchell passed out / fell asleep and remained at the

marital home until 7:59 a.m. the next morning.

90. The next day, David Mitchell sought an order of protection (on his own behalf and on behalf of his children) against his wife through the Douglas County Courts.  As part of the evidence in support David Mitchell turned over literally hours of video he had recorded the night before.

91. Ultimately, Jessica Mitchell filed for an opposing order of protection, which the court threw out.  Ultimately the Douglas County prosecutor's office used the representation made by Jessica Mitchell to charge David Mitchell under **CR 23-4201 (Domestic Violence)** with a count of Domestic Violence.

92. This is notwithstanding the fact that the initial reviewing court threw out her order of protection.

93. This is also notwithstanding the fact that the Douglas County Attorney's Office has been in possession of video evidence which demonstrates the status, actions, and behaviors of both parties during a several hour period of the night in question.

94. Finally, the complaining witness in **CR 23-4201** is directly contradicted by her recitation of the facts and events of the night in question in a manner which will be demonstrated at trial.

95. Additionally, on information and belief, the complaining witness, Jessica Mitchell, has indicated no interest at any point in time in pursuing a prosecution against David Mitchell for Domestic Violence.

96. On information and belief, the two parties are in the process of an amicable separation and neither understands why the Douglas County Attorney's office has injected itself into their divorce.

97. Counsel for the Plaintiff believes the repeated injection of the Douglas County Attorney's Office, the city of Omaha police department, and their agents and proxies is part of a custom, pattern, and / or practice designed to deny David Mitchell his constitutionally protected civil rights.

98. In support of all counts and causes of action Plaintiff incorporates by reference the allegations in the foregoing paragraphs of this Complaint as if fully set forth herein.

99. Initially plaintiff will address several causes of action arising under Constitution Violations arising under 42 U.S.C. § 1983:

## Causes of Action

## Count I

**Arising against the following defendant(s):  Defendant Douglas County, Defendant Donald Kleine, in his individual and official capacity; Unknown Members of the Douglas County Sheriff's Department, Defendant Kati Kilcoin, in her individual and official capacity; Defendant Dara Delehant, in her individual and official capacity;**

## 1st Amendment "Citizen Plaintiff"

100.    Plaintiff, David Mitchell, has has the burden of proving that the act[s] of the defendants deprived the plaintiff of particular rights under the United States Constitution.  In this case, the plaintiff alleges the defendant Kleine deprived him of his rights under the First Amendment to the Constitution when conspiring to arrest the plaintiff complete with Defendant Kati Kilcoin, Defendant Dara Delehant, and unknown members of the Douglas County Sheriff's Department at a City Council meeting on September 15, 2020.

101.    Under the First Amendment, a citizen has the right to free expression and honest and robust debate.  To establish the defendant deprived the plaintiff of

this First Amendment right, the plaintiff must prove the following additional elements by a preponderance of the evidence:

a.  The plaintiff was engaged in a constitutionally protected activity (running for public office on a platform of police accountability);

b.  The defendant's actions against the plaintiff would chill a person of ordinary firmness from continuing to engage in the protected activity (arresting someone with unknown members of the Douglas County Sheriff's Department and several camera crews in tow as they left a public debate; and

c.  The plaintiff's protected activity was a substantial or motivating factor in the defendant's conduct.  See the paragraphs above.

102.    Plaintiff's speech in this case about "Black lives matter" and accountability for ones actions regardless of color or race was protected under the First Amendment and, therefore, the first element requires no proof.

103.    A substantial or motivating factor is a significant factor, though not necessarily the only factor.

104.    When the plaintiff establishes each of the foregoing elements, the burden shifts to the defendant to prove by a preponderance of the evidence that the defendant would have taken the action(s) in question, even in the absence of any motive to retaliate against the plaintiff.  If you find that the defendant is able to demonstrate this, you must find for the defendant.  If you find that the defendant is not able to demonstrate this, you must find for the plaintiff.

## Count II

**Arising against the following defendant(s):  Defendant Douglas County, Defendant Donald Kleine, in his individual and official capacity; Unknown Members of the Douglas County Sheriff's Department, Defendant the City of Omaha; Defendant**

Robert Wiley in his individual and official capacity;

## Fourth Amendment—Unreasonable Seizure—Judicial Deception

105.    On information and belief, David Mitchell has shown it is a reasonable inference that as part of his ongoing civil conspiracy Defendant Kleine encouraged, solicited, ratified, or endorsed the wholesale fabrication of testimony regarding the plaintiff's physical entry into the location allegedly burgled.  This would be consistent with his later statement regarding the problems with the case during the protests at his house.

106.    There is no evidence anywhere on Earth of any video, any report, document, or other recorded recollection depicting David Mitchell at the burglary location, it would clearly place the burden of proving showing why such a representation would be was made by Defendant Wiley to the judge in bond court.

107.    Unknown Members of the Douglas County Sheriff's Department, whom executed a search warrant at the business of the plaintiff are associated with this constitutional violation if they knew or should have known of its fraudulent nature and basis charge.  That search warrant revealed 5-10 items that were recovered (they had been brought into inventory by a disgruntled former employee) as opposed to the hundred represented.

108.    On information and belief, such a representation was made at the behest of defendant Kleine, in furtherance of his civil conspiracy, and compelled Defendant Wiley, to engage in judicial deception in violation of the Fourth Amendment and 42 U.S.S. 1983 to deprive the plaintiff of particular rights under the United States Constitution.

## COUNT III

**Arising against the following defendant(s):  Defendant Douglas County, Defendant Donald Kleine, in his individual and official capacity; Unknown Members of the Douglas County Sheriff's Department; Unknown Deputy Douglas County Attorneys; Defendant the City of Omaha; Defendant Robert Wiley in his individual and official capacity;**

### Fourth Amendment—Unreasonable Seizure of Person—Probable Cause Arrest

109.    In general, a seizure of a person by arrest without a warrant is reasonable if the arresting officers had probable cause to believe the plaintiff has committed or was committing a crime.

110.    In order to prove the seizure in this case was unreasonable, the plaintiff must prove by a preponderance of the evidence that he was arrested without probable cause.

111.    "Probable cause" exists when, under all of the circumstances known to the officer[s] at the time, an objectively reasonable police officer would conclude there is a fair probability that the plaintiff has committed or was committing a crime.

112.    The facts known to the officer are relevant to your inquiry, the officer's intent or motive is not relevant to your inquiry.

113.    Under state law, it is a crime to commit the offense of burglary.  The Nebraska Revised Statutes describe burglary as: 28-507. Burglary; penalty.

(1) A person commits burglary if such person willfully, maliciously, and forcibly breaks and enters any real estate or any improvements erected thereon with intent to commit any felony or with intent to steal property of any value.

114.    Therefore, the required elements are: One commits burglary in violation of subsection (1) of this section when one, in the proscribed manner:

**a.**  breaks and enters any real property or improvements thereon,

**b.**   with the proscribed intent;

**c.**  no actual theft or asportation of property is required.

115.    Attorney Spencer Werth pointed out 18 months prior to the ultimate

dismissal of all charges under case #  **CR 19-3881 (Burglary)** that in the light

most favorable to the prosecution there was never any allegation of breaking or

physical entry on the part of the plaintiff David Mitchell.

116.    Ultimately, the defendant McGee (replacing defendant Olson, who had gone and

taken the position of Lee County Attorney) dismissed the case did so filing a

dismissal in the name of the original DCA without his permission or consent on the

Friday before trial was to start the upcoming Monday.

117.    This is further evidence of the ongoing civil conspiracy between the parties of

Kleine, Wiley, DCA, and LEO listed as defendants in this case.

118.    In this case, the plaintiff additionally alleges the defendants Kleine,

Unknown Members of the Douglas County Sheriff's Department, Unknown

Deputy Douglas County Attorneys collectively acted to deprive the plaintiff of

his rights under the Fourth Amendment to the Constitution when the

defendants intentionally or in reckless disregard of the truth made one or more

material misrepresentations or omissions in support of an arrest warrant

affidavit submitted to a judge.  This arose under case # **CR 23-4201 (Domestic**

**Violence).**  This arrest, which arose 5 months after the last contact by the

complaining witness, was directly contradicted by credible, reliable, and material

evidence that was in their possession since November 12, 2022.  That same evidence

supported an order of protection issued from the Douglas County Attorneys Office

under case # Cl-22-8745. Defendant Kleine is the head of that office. Defendants

unknown members of the Douglas County Sheriff's Office executed that warrant.

119.    Under the Fourth Amendment, a person has the right to be free from an

unreasonable search and seizure of his person.

120.    In general, a search or seizure of a person is unreasonable under the Fourth

Amendment if the search is not conducted pursuant to a search or arrest

warrant.

121.    An arrest warrant is a written order signed by a judge that permits a law

enforcement officer to arrest a particular person after making a determination

of probable cause.

122.    To obtain an arrest warrant, a law enforcement officer must show probable

cause that a crime has been committed and that this person is likely to be the

person that committed said crime.

123.    In deciding whether to issue an arrest warrant, a judge generally relies on

the facts stated in a warrant affidavit signed by a law enforcement officer.

124.    To prove the listed defendant(s) deprived the plaintiff of this Fourth

Amendment right, the plaintiff must prove the following additional elements

by a preponderance of the evidence:

a.  The defendants submitted to a judge a warrant affidavit that contained one or

more misrepresentations or omissions material to the finding of probable cause;

and

b.  The defendants made those misrepresentations or omissions either intentionally or

with reckless disregard for the truth.

125.    To show materiality in the context of this claim, the plaintiff must

demonstrate that the judge would not have issued the warrant if the false information had been excluded (or redacted) or if the omitted or missing information had been included (or restored).

126.    In the context of this claim, a "reckless disregard for the truth" means highly unreasonable conduct that is an extreme departure from ordinary care, presenting a danger of misleading a reasonable judge into concluding that probable cause has been established, when that danger is either known to the defendant[s] or is so obvious that the defendant[s] must have been aware of it.

## Count IV

**Arising against the following defendant(s):  Defendant Douglas County, Defendant Donald Kleine, in his individual and official capacity; Unknown Members of the Douglas County Sheriff's Department, Defendant the City of Omaha; Defendant Shawn Pearson, in his individual and official capacity;  Defendant Robert Wiley in his individual and official capacity;**

### Fourteenth Amendment

### Due Process—Deliberate Fabrication of Evidence

**127.**    The plaintiff, David Mitchell, has the burden of proving that the acts of the defendants Kleine, and other listed defendants deprived the plaintiff of particular rights under the United States Constitution.

**128.**    The Fourteenth Amendment protects against being subjected to criminal charges on the basis of false evidence that was deliberately fabricated by the defendant(s).

**129.**    In this case, the plaintiff alleges the defendants deprived him of his rights under the Fourteenth Amendment to the Constitution when engaging in a pattern or practice of civil conspiracy, false arrest, fabrication of evidence, and

denying him of his fundamental rights afforded him under the constitution.

130.    For the plaintiff to prevail on his claim of deliberate fabrication of evidence, the plaintiff must prove at least one of the following elements by a preponderance of the evidence:

131.    That defendant Pearson, in furtherance of a conspiracy on the part of Kleine, and other listed defendants deliberately fabricated evidence that was used to criminally charge the plaintiff under case # **CR 20-3674 (Sexual Assault).** This would be the call me if anything occurs to you tomorrow morning testimony.

132.    That listed defendants, in furtherance of a conspiracy on the part of Kleine deliberately fabricated evidence that was used to criminally charge the plaintiff under case # **CR 19-3881 (Burglary).**   This would also be Detective Wiley testifying at the bond hearing as to the existence of video showing David Mitchell entering the physical property.  This would be the burglary without a breaking or entering charge anywhere in the given record.  This would be the burglary dismissed under a false name 3 days prior to trial.  All done in violation of the plaintiff's rights. OR

133.    That defendant Kleine individually and collectively conspired with listed defendants to continue his investigation of the plaintiff under case # **CR 23-4201 (Domestic Violence).**

134.    This is notwithstanding the fact that DCA had already:

a.  Assisted the plaintiff, David Mitchell, in filing and receiving an order of protection against Jessica Mitchell arising from the night in question under **CR 23-4201**.

b.  Had in their possession video recordings depicting hours of the encounters of the

night in quest which demonstrated self-harm on the part of the accuser.

**c.**  Were aware or must have been aware of the fact that the accuser was denied an order of protection under a preponderance of the evidence standard against the plaintiff David Mitchell when she sought one weeks later.

**d.**  Despite the fact that he knew that the plaintiff was innocent, or was deliberately indifferent to the plaintiff's innocence, and the results of the investigation were used to criminally charge the plaintiff.

**135.**    "Deliberate indifference" is the conscious or reckless disregard of the consequences of one's acts or omissions.

**136.**    On information and belief, as the plaintiff proves that the defendant deliberately fabricated evidence that was used to criminally charge the plaintiff, then the plaintiff is not required to prove that the defendant knew the plaintiff was innocent or was deliberately indifferent to the plaintiff's innocence.

## COUNT V

**Arising against the following defendant(s):  Defendant Douglas County; Defendant Douglas County Attorneys Office, Defendant Donald Kleine, in his individual and official capacity; Defendant Gary Olson, in his individual and official capacity; Defendant Patrick McGee, in his individual and official capacity; Defendant the City of Omaha, Defendant Robert Wiley in his individual and official capacity, Defendant Jonathan A. Robbish in his individual and official capacity, Defendant Trisha Dunwoody in her individual and official capacity.**

### Fourteenth Amendment
### Due Process—Deliberate or Reckless Suppression of Evidence

137.    The Fourteenth Amendment protects against a person being subjected to a criminal trial when favorable evidence has been deliberately or recklessly withheld from the prosecutor.

138.    In this case, the plaintiff alleges the defendant Kleine, Wiley, DCA, and LEO deprived him of his rights under the Fourteenth Amendment to the Constitution when they engaged in their civil conspiracy against the plaintiff.

139.    For the plaintiff to prevail on his claim of deliberate or reckless suppression of evidence, the plaintiff must prove the following elements by a preponderance of the evidence:

140.    The listed defendants suppressed evidence that was favorable to the accused David Mitchell from the prosecutor and the defense;

    a.  Examples of such suppression would include:

        i.  The no physical entry burglary under **CR 19-3881 (Burglary).**

        ii.  The no corroboration or even allegation of prior sexual congress until the prompting of Defendant Wiley to both TC and associated social worker under case # **CR 20-3674** (Sexual Assault).

        iii.  The failure to consider even the evidence in your own possession (video recordings, photographs, and police reports) prior to bringing charges under case # **CR 23-4201.**

        iv.  The suppression harmed the accused David Mitchell; and

        v.  The listed defendant(s) acted with deliberate indifference to an accused's rights or for the truth in suppressing the evidence.

        vi.  "Deliberate indifference" is the conscious or reckless disregard of the consequences of one's acts or omissions. Such a burden has been met in the present case.

        vii.

141.    As well as state law claims arising under the following causes of action:

## COUNT VI.

## CIVIL CONSPIRACY,

Arising against the following defendant(s):  Defendant Douglas County; Defendant Douglas County Attorneys Office, Defendant Donald Kleine, in his individual and official capacity; Defendant Gary Olson, in his individual and official capacity; Defendant Patrick McGee, in his individual and official capacity; Defendant Kati Kilcoin, in her individual and official capacity; Defendant Dara Delehant, in her individual and official capacity; Unknown Members of the Douglas County Sheriff's Department; Defendant the City of Omaha, Defendant Robert Wiley in his individual and official capacity, Defendant Jonathan A. Robbish in his individual and official capacity, Defendant Trisha Dunwoody in her individual and official capacity; Defendant Shawn Pearson, in his individual and official capacity; Defendant Christopher LeGrow, in his individual and official capacity; Defendant Alexis Boults, in her individual and official capacity; Defendant Dion Smith, in his individual and official capacity; and Defendant Thad Trosper, in his individual and official capacity.

142.    Plaintiff adopts and re-allege the allegations of paragraphs one through one forty two, as and for the allegations of this paragraph one forty two.

143.    As described above, the individual defendant's engaged in conduct that commenced a civil conspiracy orchestrated by Defendant Kleine and with all listed defendants as coconspirators.

144.    These actions were commenced and ultimately resulted in concerted effort to deprive the plaintiff of his constitutionally protected civil rights in violation of 42 U.S.C. section 1983 and 1985 (2).

145.    These actions were the direct and proximate cause of injuries, and expenses sustained by Plaintiff.

146.    The conduct of the individual listed defendants' was willful and wanton. This conduct directly and proximately caused injuries to the plaintiff.

147.    This misconduct was undertaken by the individual defendant officers within the course and scope of their employment as City of Omaha police officers, was objectively unreasonable, took place with malice, and was willful and wanton.

148.    Defendant City of Omaha is liable as principal for all torts committed by its employees, here, the individual defendant police officers.

149.    This misconduct was undertaken by the individual listed defendant Deputy Douglas County Attorneys was within the course and scope of their employment as Douglas County Attorneys Office, was objectively unreasonable, took place with malice, and was willful and wanton.

150.    Defendant Douglas County is liable as principal for all torts committed by its employees, here, the individual Douglas County Attorneys.

151.    As a direct and proximate result of the acts of listed known and

unknown defendant officers, employees of the municipal defendant, and

specifically Defendant Kleine,  plaintiff David Mitchell was injured,

suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain

and suffering, the dissolution of his marriage, his businesses, legal

expenses, and other significant damages.

152.    Said actions constitute the tort of civil conspiracy under Nebraska Law.

153.    Section 1983 will support a cause of action against all the members of a

conspiracy for acts in furtherance of the conspiracy and which under color of

state law deprive the plaintiff of due process of law. *Hoffman v. Halden*, 268

F. (2d) 280 (9th Cir. 1959).

154.    It is clear that defendant Kleine orchestrated this conspiracy in violation of

the civil rights of the plaintiff.  It is clear in each and every case the plaintiff

has been charged in that there was a highly irregular and unreasonable

motivation justifying the underlying criminal charge.

155.    CR 19-3881 (Burglary) is a burglary case without any physical entry.  A case that

Defendant Wiley testified fraudulently before the bond judge.  A case where

Defendant Kleine himself addressed the plaintiff and said there were "problems" with

the case.

156.    CR 20-3674 (Sexual Assault), is a sexual assault case where charged as a

statutory rape case when there were two mandatory reporters (Joe South and Jace

Schraeder) who never mandatorily reported any suspected prior sexual abuse.  It is a

case where the listed law enforcement officers were told that any mentions of sexual

activity between the parties referred to potential or future conduct on their part.

Until, the protests around defendant Kleine's house.  Then it becomes a case where

Detective Pearson is seeking details about something that no one else ever said existed. When Detective Pearson doesn't get those details he asks the interviewee (Jace Schraeder) to call him if they remember anything in the morning. Then Detective Pearson calls Jace Schraeder before 10:00 a.m. the next morning.

157.    It is a case where under CR 23-4201 (Domestic Violence) the plaintiff sought and appropriately received an order of protection against his separated wife "J.M.". This was only received after he submitted substantial evidence, video recordings, and an affidavit in support of his need for protection after going through the traumatizing events of November 11, 2022, - November 12, 2022. He was granted that order of protection. "J.M." sought an order of protection against David Mitchell weeks later that was denied by the judge. Nevertheless, the basis for that order of protection and underlying "alleged" facts and circumstances end up in the hands of the City of Omaha Police Department and the Douglas County Attorneys Office and are found sufficient to support charges against plaintiff David Mitchell. The same David Mitchell that has provided initially provided them the evidence clearly showing the events of November 11, 2022.

158.    Nebraska has a long history of recognizing the concept of civil conspiracy. It has been described as, "A civil conspiracy is a combination of two or more persons to accomplish by concerted action an unlawful or oppressive object, or a lawful object by unlawful or oppressive means."

159.    Additionally, 42 U.S.C. section 1985 (2) addressing a cause of action for those who were injured by a conspiracy to interfere with the administration of justice in state courts. This cause of action is codified and recognized nationally. The application of section 1985 (2) recognized by the federal

court in Nebraska.[15] (see *Haltom v. Parks*, 8:15-cv-00428 (document #151)).

## COUNT VII.

## MALACIOUS PROSECUTION,

**Arising against the following defendant(s):  Defendant Douglas County; Defendant Douglas County Attorneys Office, Defendant Donald Kleine, in his individual and official capacity; Defendant Gary Olson, in his individual and official capacity; Defendant Patrick McGee, in his individual and official capacity; Defendant Kati Kilcoin, in her individual and official capacity; Defendant Dara Delehant, in her individual and official capacity; Defendant unknown Deputy Douglas County Attorney.**

160.    Plaintiff adopts and re-allege the allegations of paragraphs one through one sixty, as and for the allegations of this paragraph one sixty.

161.    As described above, the individual defendant's engaged in conduct that constitute the cause of action for malicious prosecution orchestrated by Defendant Kleine and with all individually listed defendants as coconspirators.

162.    These actions were commenced and ultimately resulted in concerted effort to deprive the plaintiff of his constitutionally protected civil rights in violation of 42 U.S.C. section 1983, as recognized recently by the U.S. Supreme Court in *Thompson v. Clark*, 506 U.S. (2022).

---

[15] Section 1983 creates a civil action for those deprived by a person acting under color of state law of a right secured by the Constitution and laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988). Section 1985(2) creates a civil action for those who were injured by a conspiracy to interfere with the administration of justice in a state court. See *Harrison v. Springdale Water & Sewer Comm'n*, 780 F.2d 1422, 1429 (8th Cir. 1986). Section 1985(3) creates a civil action for those injured by a private conspiracy to deny equal protection of the laws. *Harrison*, 780 F.2d at 1429. And § 1986 imposes liability on those who have knowledge of a § 1985 conspiracy and power to prevent it, but fail to do so. *Keefe v. City of Minneapolis*, 785 F.3d 1216, 1223-24 (8th Cir. 2015).  See also, The essential elements of  42 U.S.C. 1985 (2) ((Obstructing justice; intimidating party, witness, or juror ))are met when two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified, or to influence the verdict, presentment, or indictment of any grand or petit juror in any such court, or to injure such juror in his person or property on account of any verdict, presentment, or indictment lawfully assented to by him, or of his being or having been such juror; or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws;

163.    These actions were the direct and proximate cause of injuries, and expenses sustained by Plaintiff.

164.    The conduct of the individual listed defendants' was willful and wanton. This conduct directly and proximately caused injuries to the plaintiff.

165.    This misconduct was undertaken by the individual listed known and unknown defendant Deputy Douglas County Attorneys was within the course and scope of their employment as Douglas County Attorneys Office, was objectively unreasonable, took place with malice, and was willful and wanton.

166.    Defendant Douglas County is liable as principal for all torts committed by its employees, here, the individual Douglas County Attorneys.

167.    As a direct and proximate result of the acts of listed known and unknown defendant employees of the municipal defendant, and specifically Defendant Kleine,  plaintiff David Mitchell was injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, the dissolution of his marriage, his businesses, legal expenses, and other significant damages.

168.    The court in *Thompson* ultimately clearly broke down the elements for a malicious prosecution under 42 U.S.C. 1983.  There the courts described the elements of the malicious prosecution tort as follows:

   (i)     the suit or proceeding was "instituted without any probable cause";

   (ii)    the "motive in instituting" the suit "was malicious," which was often defined in this context as without probable cause and for a purpose other than bringing the defendant to justice; and

(iii) the prosecution "terminated in the acquittal or discharge of the accused."

169.    Statute does not begin to run in a case of malicious prosecution until the criminal case is dismissed, or the prosecution otherwise finally terminated. *Hackler v. Miller*, 79 Neb. 209, 114 N.W. 274 (1907).

170.    In this case, two of the relevant underlying prosecutions have been "terminated in the acquittal or discharge of the accused." (Specifically, cases CR 19-3881 (Burglary), CR 20-3674 (Sexual Assault)).  The final case CR 23-4201 (Domestic Violence) should soon follow the same disposition or outcome.

171.    The incorporated references and allegations in the accompanying paragraphs of this Complaint exhaustively detail the satisfaction of the first two elements.

COUNT VIII.

FALSE ARREST.

Arising against the following defendant(s):  Defendant Douglas County; Defendant Douglas County Attorneys Office, Defendant Donald Kleine, in his individual and official capacity; Defendant Gary Olson, in his individual and official capacity; Defendant Patrick McGee, in his individual and official capacity; Defendant Kati Kilcoin, in her individual and official capacity; Defendant Dara Delehant, in her individual and official capacity; Unknown Members of the Douglas County Sheriff's Department; Defendant the City of Omaha, Defendant Robert Wiley in his individual and official capacity, Defendant Jonathan A. Robbish in his individual and official capacity, Defendant Trisha Dunwoody in her individual and official capacity; Defendant Shawn Pearson, in his individual and official capacity; Defendant Christopher LeGrow, in his individual and official capacity; Defendant Alexis Boults, in her individual and official capacity; Defendant Dion Smith, in his individual and official capacity; and Defendant Thad Trosper, in his individual and official capacity.

172.    Plaintiff adopts and re-allege the allegations of paragraphs one through one seventy two, as and for the allegations of this paragraph one seventy two.

173.    As described above, the individual defendant's engaged in conduct that commenced a false arrest pursuant to Nebraska Revised Statute Chapter 29 § 2813.  This was accomplished by through the actions of  Defendant Kleine and with all listed defendants (known and unknown) as coconspirators.

174.    These actions were commenced and ultimately resulted in concerted effort to deprive the plaintiff of his constitutionally protected civil rights in violation of 42 U.S.C. section 1983 and relevant sections of Nebraska law.

175.    These actions were the direct and proximate cause of injuries, and expenses sustained by Plaintiff.

176.    The conduct of the individual listed defendants' was willful and wanton. This conduct directly and proximately caused injuries to the plaintiff.

177.    This misconduct was undertaken by the individual defendant officers within the course and scope of their employment as City of Omaha police officers, was objectively unreasonable, took place with malice, and was willful and wanton.

178.    Defendant City of Omaha is liable as principal for all torts committed by its employees, here, the individual defendant police officers.

179.    This misconduct was undertaken by the individual listed (known and unknown) defendant Deputy Douglas County Attorneys was within the course and scope of their employment as Douglas County Attorneys Office, was objectively unreasonable, took place with malice, and was willful and wanton.

180.    This misconduct was undertaken by the individual listed (known and unknown) defendant Douglas County Sheriff Officers within the course and scope of their employment as Douglas County Attorneys Office, was objectively unreasonable, took place with malice, and was willful and wanton.

181.    Defendant Douglas County is liable as principal for all torts committed

by its employees, here, the individual Douglas County Attorneys.

182.    As a direct and proximate result of the acts of listed known and

unknown defendant officers, employees of the municipal defendant, and

specifically Defendant Kleine,  plaintiff David Mitchell was injured,

suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain

and suffering, the dissolution of his marriage, his businesses, legal

expenses, and other significant damages.

183.    Said actions constitute the tort of false imprisonment under Nebraska Law.

**PRAYER FOR RELEIF**

WHEREFORE, plaintiffs respectfully request this Honorable Court to enter a judgment against the defendants and each of them for compensatory damages in the amount of $250,000; for punitive damages against each of the defendants in the amount of $200,000; plus, an award to the plaintiffs pursuant to Title 28 U.S.C. § 1988 for attorney's fees and costs, in addition to any other relief from this Court deemed just and proper.


Respectfully submitted,



/s/Michael C. Cannon
Attorney for Plaintiff

MICHAEL C. CANNON
Attorney at Law
1225 Crooked Willow Lane
Palatine, Illinois 60067
Phone: (847) 917-1803
E-Mail: mcannon76@aol.com
Illinois Attorney #6296028
Cook County Attorney #45535