IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DAVID MITCHELL,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF DOUGLAS, a Nebraska Political Subdivision, DONALD W. KLEINE, in his individual and official capacity as Douglas County Attorney, DOUGLAS COUNTY ATTORNEY'S OFFICE, GARY OLSON, Deputy Douglas County Attorney, individually and collectively in their official capacity, KATI KILCOIN, Deputy Douglas County Attorney, individually and collectively in their official capacity, DARA DELEHANT, Deputy Douglas County Attorney, individually and collectively in their official capacity, UNKNOWN MEMBERS OF DOUGLAS COUNTY SHERIFF'S OFFICE, individually and collectively in their official capacity, THE CITY OF OMAHA, a Municipal Corporation, ROBERT WILEY, in his individual and official capacity as a detective of the Omaha Police Department, JONATHAN A. ROBBISS, in his individual and official capacity as a Sergeant in the Omaha Police Department Burglary Division, TRISHA DUNWOODY, in her individual and official capacity with the Omaha Police Department Burglary Division, SHAWN PEARSON, in his individual and official capacity as a Detective with the Omaha Police Department Burglary Division, CHRISTOPHER LeGROW, in his individual and official capacity as a Detective with the Omaha Police Department, ALEXIS BOULTS, individually and in her official capacity as a CVSA with the | NO. 8:23-CV-332<br><br><br>**ORDER ON PLAINTIFF MITCHELL'S MOTION FOR LEAVE TO APPEAL IN FORMA PAUPERIS** |

1

|  |
|---|
| Omaha Police Department, DION SMITH, individually and in his official capacity with the Omaha Police Department, THAT TROSPER, individually and in his official capacity with the Omaha Police Department, PATRICK McGEE, Deputy Douglas County Attorney, individually and collectively in their official capacity, UNKNOWN DDCA, Deputy Douglas County Attorney, individually and collectively in their official capacity, Defendants. |

Plaintiff David Mitchell filed a Notice of Appeal on April 22, 2024. Filing 45. Also on April 22, 2024, the Deputy Clerk of this Court sent a memorandum to the undersigned stating that Mitchell did not pay the appellate filing fee. Filing 46. Mitchell subsequently filed a Motion for Leave to Appeal in forma pauperis and an accompanying affidavit. Filing 47. Mitchell explains that his inability to pay docket fees for his appeal is because he "lost the business [he] previously owned that was responsible for paying for [his] fees." Filing 47 at 6.

Federal Rule of Appellate Procedure 24(a) requires that "a party to a district-court action who desires to appeal in forma pauperis file a motion in the district court." The Rule further requires the party to "attach an affidavit that: (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs; (B) claims an entitlement to redress; and (C) states the issues that the party intends to present on appeal." *Id.* A district court can deny the motion if it "concludes that such an appeal is not taken in good faith," *Henderson v. Norris*, 129 F.3d 481, 485 (8th Cir. 1997), or "finds that the party is not otherwise entitled to proceed in forma pauperis." Fed. R. App. P. 24(a)(4).

Without determining whether Mitchell's appeal is in good faith, *Henderson*, 129 F.3d at 485, the Court concludes that Mitchell is not entitled to proceed in forma pauperis for two independent reasons. First, his compliance with Fed. R. App. P. 24(a)(1) is tenuous, at best. Despite the requirement of Fed. R. App. P. 24(a)(1)(C) that a movant "states the issues that the party intends to present on appeal," Mitchell merely stated that his "issues on appeal are: The above-named party appealed from the final judgement [sic] of the U.S. District Court for the District of Nebraska that was entered on April 12, 2024 [ ] relating to all the defendants' motion to dismiss that was [sic] granted." Filing 47 at 1. The Court granted two separate Motions to Dismiss against numerous defendants on several grounds. *See generally* Filing 44; *see also Mucciolo v. Boca Raton Reg'l Hosp., Inc.*, No. 19-CV-80185, 2019 WL 7899138 (S.D. Fla. July 30, 2019) (denying a motion to appeal in forma pauperis for failure to comply with Fed. R. App. P. 24(a)(1)(C)). Indeed, the Court cannot determine whether Mitchell's appeal is in good faith without knowing which issues he intends to present on appeal. *Id.* (finding that the plaintiff's failure to address the issue of standing, which was the basis upon which dismissal was granted, constituted bad faith).

Second, while Mitchell's affidavit indicates that he has a "Total cash on hand" of "$0," his affidavit also indicates that he owns a $330,000 house and a 2017 Mercedes Benz C-300. Filing 47 at 3–4. Mitchell does not indicate the equity he has in either his house or his car. *See generally* Filing 47. In addition, despite having lost a $10,000 per month income stream in May 2023, Filing 47 at 3, Mitchell was able to pay a $402 filing fee in August 2023, along with a $5,000 retainer to his attorney, now deceased. Filing 47 at 6. There is no explanation why Mitchell was then able but is now unable to pay an appellate filing fee. *See generally* Filing 47. The Court concludes that Mitchell has not adequately identified his alleged "inability to pay." Fed. R. App. P. 24(a)(1)(A).

Accordingly,

3

IT IS ORDERED that Plaintiff Mitchell's Motion for Leave to Appeal in forma pauperis, Filing 47, is denied without prejudice.

Dated this 23rd day of April, 2024.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge